# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2013

No. 12-50187
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLIFTON DEWARREN RIVERS, also known as Clifton Rivers,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-52-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Clifton Dewarren Rivers, federal prisoner # 36491-180, moves for permission to proceed in forma pauperis (IFP) in this appeal from the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce the sentence he received following his guilty-plea conviction for possession with the intent to distribute more than 50 grams of crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841 and 860. The district court denied IFP, certifying, pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a), that the appeal was not taken in good

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

faith.  By moving for IFP, Rivers is challenging the district court's certification decision.  *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Rivers contends that the district court abused its discretion denying his § 3582(c)(2) motion based on his criminal history when the criminal history in the PSR was overstated and incorrect.  He further faults the district court for failing to consider his post-sentencing rehabilitation efforts.  Additionally, he asserts that the court's refusal to reduce his sentence creates a sentencing disparity with similarly situated defendants, and he argues that he should have received an evidentiary hearing.

To the extent that Rivers seeks to challenge the PSR's findings regarding his criminal history score, he may not now do so.  *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).  Moreover, the district court was not required to consider his post-sentencing conduct.  *See Evans*, 587 F.3d at 673 & n.10; § 1B1.10, comment. (n.1(B)(iii)).  Rivers's unwarranted-disparity argument is without merit because it amounts to a request that the court make a sentencing reduction mandatory when requested pursuant to the crack cocaine amendments.  *United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010).  He has not demonstrated that the district court based its denial of a sentencing reduction on any error of law or a clearly erroneous assessment of the evidence and thus fails to demonstrate an abuse of discretion on the district court's part.  *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  Further, the district court provided reasons for denying Rivers's motion that reflect its consideration of the § 3553(a) factors.  *See United States v. Cooley*, 590 F.3d 293, 297-98 (5th Cir. 2009); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).  Moreover, because § 3582(c)(2) proceedings are not full resentencings, Rivers was not entitled to an evidentiary hearing.  *See Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010); *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

Rivers has not shown that the denial of his § 3582(c)(2) motion presents a nonfrivolous issue for appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED. 5TH CIR. R. 42.2.