**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 21, 2012

Lyle W. Cayce
Clerk

No. 12-30092
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN SIMMONS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CR-192-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jonathan Simmons, federal prisoner # 30700-034, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence for possession of five grams or more of cocaine base with intent to distribute and possession of a firearm by a convicted felon. Simmons argues that the district court abused its discretion by denying his § 3582(c)(2) motion. He maintains that the district court improperly focused solely on his prison disciplinary offense instead of balancing that factor with positive factors such as his following the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30092

district court's directive to pursue a GED.  He asserts that he should not be negatively affected by the Bureau of Prisons' (BOP) refusal to allow him to take vocational classes until he earns his GED, and he notes that under *Tapia v. United States*, 131 S. Ct. 2382 (2011), a court may not lengthen a prison sentence to foster rehabilitation.

The district court ruled that Simmons was eligible for a sentence reduction, but it declined to grant such a reduction because of Simmons's prison disciplinary offense.  We need not consider the applicability of *Tapia* because the record shows that the district court merely expressed frustration with the BOP's handling of Simmons's rehabilitation, and it denied the § 3582(c)(2) motion because of the prison disciplinary offense.  Simmons does not dispute that he committed the prison disciplinary offense.  In light of Simmons's serious prison disciplinary offense, the district court did not abuse its discretion by denying Simmons's § 3582(c)(2) motion.  *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010).

AFFIRMED.