# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30926
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HIKING DUPRE,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-28-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Hiking Dupre, federal prisoner # 28867-034, contends the district court abused its discretion by denying his 18 U.S.C. § 3582(c)(2) motion (modification of a term of imprisonment), seeking a reduction of his sentence for possession with intent to distribute more than five grams of cocaine base within 1000 feet of a public playground. The 240-month sentence was an upward departure from the original advisory Sentencing Guidelines range (130–162 months), but

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

less than the statutory maximum (960 months). The sentencing court based this departure on the underrepresentation of Dupre's criminal history.

Dupre contends the court abused its discretion in denying his sentence-reduction motion because it described incorrectly both the percentage increase of the upward departure and the applicable statutory maximum, and failed to consider his post-sentence efforts at rehabilitation alongside his prison disciplinary record.

The district court's decision on a sentence-reduction motion under § 3582(c)(2) is reviewed for an abuse of discretion; its application of the advisory Guidelines, *de novo. United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009) (citations omitted). Under § 3582(c)(2), a court may reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. 3582(c)(2). Application notes to the Guidelines policy statement direct courts to consider the § 3553(a) factors, as well as public safety consequences, and state: "The court may consider post-sentencing conduct . . . in determining . . . [w]hether a reduction in the defendant's term of imprisonment is warranted". U.S.S.G. § 1B1.10 cmt. (1)(B)(i)–(iii).

In its order denying the sentence reduction, the court described the original sentence as "the statutory maximum" and "now reflect[ing] an upward departure of 59%". The court then noted: "The defendant's disciplinary record while incarcerated indicates that the defendant is likely to commit further crimes and does not warrant a reduction".

The district court's erroneous description of the statutory maximum and the extent of the upward departure played no part in its decision to deny the instant motion. Although the court found Dupre was eligible for a sentence

reduction, it clearly stated it was declining to grant one because of his extensive prison disciplinary record. The court did not abuse its discretion by finding that record outweighed Dupre's efforts at rehabilitation and denying the § 3582(c)(2) motion on this basis. *See, e.g.*, *United States v. Simmons*, 482 F. App'x 927 (5th Cir. 2012) (affirming denial based on single, serious prison disciplinary offense) (citing *United States v. Smith,* 595 F.3d 1322, 1323 (5th Cir. 2010)).

AFFIRMED.