# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60572
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT PAYNE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:00-CR-145-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Robert Payne, federal prisoner # 11300-042, appeals the district court's denial of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Payne was convicted in 2001 of possession with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a) and (b)(1)(A) (Count One), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two), possession of a firearm by a convicted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felon in violation of 18 U.S.C. § 922(g)(1) (Count Three), and possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871 (Count Four).  The district court sentenced him to concurrent terms of 292 months of imprisonment on Count One, 120 months of imprisonment on Count Three, and 120 months of imprisonment on Count Four, with a consecutive term of 60 months of imprisonment on Count Two, for a total of 352 months of imprisonment.

Following the United States Sentencing Commission's 2007 retroactive amendment to the base offense levels for crack cocaine offenses, Payne filed a pro se motion to reduce his sentence pursuant to § 3582(c)(2).  The district court granted the § 3582(c)(2) motion and reduced his sentence to 240 months of imprisonment on Count One, resulting in a total amended sentence of 300 months of imprisonment.

In November 2009, the Government filed a motion to reduce Payne's sentence pursuant to Federal Rule of Criminal Procedure 35(b).  The district court granted the Government's motion and reduced Payne's sentence to concurrent terms of 180 months of imprisonment on Count One, 90 months of imprisonment on Count Three, and 90 months of imprisonment on Count Four, with a consecutive term of 45 months of imprisonment on Count Two, for a total of 225 months of imprisonment.

In December 2011, Payne filed a second pro se § 3582(c)(2) motion seeking a sentence reduction pursuant to the Sentencing Commission's 2011 retroactive amendment to the crack cocaine guidelines (Amendment 750).  After taking into account the policy statements set forth in U.S.S.G. § 1B1.10 and the applicable 18 U.S.C. § 3553(a) factors, the district court denied Payne's § 3582(c)(2) motion.

No. 12-60572

Payne contends that the district court abused its discretion in denying his § 3582(c)(2) motion.  He argues that: (1) his sentence was based on the 125.08 grams of crack cocaine seized by law enforcement officers; (2) he was eligible for a sentence reduction despite his being sentenced below the statutory minimum sentence; and (3) an attorney should have been appointed to represent him in the § 3582(c)(2) proceedings.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)," so long as the reduction is consistent with the applicable policy statements.  § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).  The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Contrary to Payne's contention, he was held accountable for 3.875 kilograms of crack cocaine.  Thus, he was originally subject to a base and total offense level of 38, a criminal history category of III, and a guidelines imprisonment range of 292 to 365 months.  After the district court granted Payne's first § 3582(c)(2) motion, he was subject to a base and total offense level of 36, a criminal history category of III, and a guidelines imprisonment range of 235 to 293 months.  Under Amendment 750, Payne would have been subject to the same base and total offense level of 36, criminal history category of III, and guidelines imprisonment range of 235 to 293 months.  *See* § 2D1.1(c)(2) (2011) (at least 2.8 kilograms but less than 8.4 kilograms of crack cocaine).  Further, the record reflects that the district court properly considered the § 3553(a) factors, the policy statements set forth in § 1B1.10, and Payne's

arguments in support of a reduction. *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010). The district court was under no obligation to reduce Payne's sentence under § 3582(c)(2), nor was it required to provide reasons or explain its consideration of the § 3553(a) factors. *See Evans*, 587 F.3d at 673-74. Finally, because there is no right to appointed counsel in § 3582(c)(2) proceedings, Payne's contention that an attorney should have been appointed to represent him is unavailing. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Therefore, Payne has failed to show that the district court abused its discretion in denying his § 3582(c)(2) motion. *See Evans*, 587 F.3d at 672.

Payne also argues that: (1) the district court erred in failing to reduce his sentence pursuant to § 3553(e); (2) the district court's chronological application of the sentence enhancements set forth in § 924(c) violated the rule of lenity and failed to produce the lowest possible sentence on the multiple firearm counts; and (3) the district court erred in denying his motions to suppress. Because Payne's challenges to his conviction and original sentence do not relate to a retroactively applicable amendment to the Guidelines, they are not cognizable in a § 3582(c)(2) motion. *See Dillon v. United States*, 560 U.S. 817, 826-31 (2010); *Evans*, 587 F.3d at 674.

Accordingly, the district court's judgment is AFFIRMED. Payne's motion to strike the appellee's brief is DENIED.