# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50391
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER RAY LOPEZ, also known as Ray Christopher Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1985

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Christopher Ray Lopez, federal prisoner # 73090-180, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based upon retroactive Amendment 782 to U.S.S.G. § 2D1.1. Lopez argues that the district court abused its discretion by improperly weighing the 18 U.S.C. § 3553(a) factors.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50391

In determining whether to reduce a sentence, the district court first determines whether the defendant is eligible for a sentence modification.  *See Dillon v. United States*, 560 U.S. 817, 826 (2010).  If the court determines that a defendant is eligible for a sentence modification, it must then consider the applicable § 3553(a) factors to decide whether a reduction 'is warranted in whole or in part under the particular circumstances of the case."  *Id.* at 827. Our review of the district court's refusal to lower Lopez's sentence under § 3582(c)(2) is for an abuse of discretion.  *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Here, the district court implicitly found Lopez eligible for the reduction but declined to exercise its discretion to reduce his sentence.  *See Dillon*, 560 U.S. at 827; *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).  The record reflects that the district court considered Lopez's arguments in favor of a sentence reduction and conducted a contemporaneous review of the § 3553(a) factors, which was all that it was required to do.  *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).  Despite Lopez's arguments to the contrary, the district court has no obligation to grant § 3582(c)(2) relief, *see United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010), and no abuse of discretion has been shown.  The district court's order is AFFIRMED.