# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2010

Charles R. Fulbruge III
Clerk

No. 08-61098

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES ABDUL SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

James Abdul Smith, federal prisoner #04751-043, was convicted by a jury of attempting to possess with intent to distribute cocaine base. His guidelines range of 262 to 327 months was calculated under the 1997 Guidelines; he was sentenced to 262 months imprisonment. In 2008, Smith moved for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based on the United States Sentencing Commission's amendments to the base offense levels for crack cocaine. *See* U.S.S.G. Supp. to App'x C, Amend. 706. The district court found that the amended guidelines range would have been 210 to 262 months, but declined to reduce Smith's sentence based on his record of 19 prison disciplinary violations. Smith timely sought reconsideration, which was denied. Smith then timely appealed.

We review a decision "whether to reduce a sentence under § 3582(c)(2) for abuse of discretion." *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). (citation omitted).  We review a court's interpretation of the guidelines de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

Smith's first argument, that denying a reduction under the crack cocaine amendments ignores the "compelling need" to address sentencing disparities, amounts to a request that we make mandatory a sentencing reduction, at least when requested pursuant to the crack cocaine amendments.  There is simply no basis to do so.  *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10; *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995).

Smith also contends that the district court should not have considered his prison disciplinary record in deciding to deny relief under § 3582(c)(2).  He acknowledges that Application Note 1(B)(iii) to U.S.S.G. § 1B1.10 explicitly allows a court to consider "post-sentencing conduct" in determining whether to reduce the sentence and the extent of any such reduction.  He nonetheless argues, based on non-binding cases from other courts, that the district court should not have considered post-sentencing conduct because the Bureau of Prisons can address misconduct through elimination of "good time" credit and/or the government can prosecute inmate crimes.  *See, e.g.*, *United States v. Miller*, No. 3:01-CR-118, 2008 WL 782566 (E.D. Tenn. Mar. 21, 2008) (granting a § 3582(c)(2) sentence reduction notwithstanding two instances of post-conviction prison sanctions); *United States v. Ayala*, 540 F. Supp. 2d 676 (W.D. Va. 2008) (granting a § 3582(c)(2) sentence reduction notwithstanding two prison incidents—an assault without serious injury and fighting—involving the defendant).  Neither *Miller* nor *Ayala* can be read as broadly as Smith urges.  In both cases, the courts considered post-conviction conduct but chose to exercise their discretion in favor of a sentencing reduction.  Neither case stands for the proposition that post-conviction conduct cannot be considered.  We decline to

hold that a district court cannot consider post-conviction conduct in determining whether to grant a sentencing reduction under § 3582(c)(2).  To do so would fly in the face of plain language that "the court may consider post-sentencing conduct . . . in determining . . . [w]hether a reduction . . . is warranted . . . and the extent of such reduction."  U.S.S.G. § 1B1.10 cmt. n.1(B)(iii); *see also* 18 U.S.C. § 3582(c)(2).

The district court did not abuse its discretion in considering Smith's post-conviction disciplinary record of some 19 disciplinary actions.  Accordingly, the district court's judgment is AFFIRMED.