# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2010

No. 08-60552
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY LIDDELL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:96-CR-107-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Timothy Liddell, federal prisoner # 04385-043, appeals the denial of his motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). Liddell pleaded guilty in 1997 to possession with intent to distribute cocaine base. The district court sentenced him to a term of 135 months of imprisonment. In 2008, Liddell moved for a reduction in his sentence based on the United States Sentencing Commission's amendments to the base offense levels for crack cocaine. *See* U.S.S.G. Supp. to App'x C, amend. 706, amend. 711. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court determined that Liddell's amended guidelines range of imprisonment would be 120-135 months, based on the amended guidelines and the statutory minimum term for his offense of conviction. After considering the guidelines amendments, 18 U.S.C. § 3582, and the sentencing factors outlined in 18 U.S.C. § 3553(a), the district court declined to reduce Liddell's sentence based on his criminal history and his post-conviction conduct. The district court noted that, while incarcerated, Liddell "had been sanctioned on five separate occasions for fighting with other inmates, once for failing to obey an order, and once for failing to stand count." Liddell timely appealed.

The Government has moved to dismiss Liddell's appeal, arguing that it is barred by the appeal waiver contained in Liddell's written plea agreement. The provision states that Liddell "waives the right to appeal the sentence imposed in this case on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and waives the right to contest the sentence in any post-conviction proceeding . . . ." We have held "that a motion for a sentence modification under 18 U.S.C. § 3582(c)(2) is not properly considered an 'appeal' or 'collateral proceeding' under the terms of a general waiver of appeal . . ., and, consequently, appellate review of the denial of a § 3582(c)(2) motion is not barred by such waivers." *United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009). Liddell's appeal, therefore, is not barred by the waiver and the Government's motion to dismiss the appeal is DENIED.

The district court properly considered the 18 U.S.C. § 3553(a) factors and acted within its discretion in considering Liddell's post-conviction conduct in declining to reduce his sentence. *See United States v. Smith*,—F.3d—, 2010 WL 366745, *1 (5th Cir. Feb. 3, 2010); *United States v. Evans*, 587 F.3d 667, 672-73 (5th Cir. 2009), *petition for cert. filed* (U.S. Jan. 28, 2010) (No. 09-8939). Accordingly, we AFFIRM the judgment of the district court.