# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 25, 2010

No. 08-60561
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES MASON WHITLEY, also known as Davincicon Moteth,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:94-CR-133-1

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Charles Mason Whitley, federal prisoner # 04037-043, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based upon amendments to the crack cocaine Guideline. He acknowledges that district courts may consider post-sentencing behavior when deciding § 3582(c)(2) motions, but he argues that the district court should not have denied his motion solely on the basis of his post-sentencing conduct.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although § 3582(c)(2) directs the court to consider the sentencing factors of 18 U.S.C. § 3553(a), the reasonableness standard derived from *United States v. Booker*, 543 U.S. 220 (2005), does not apply under § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 671-72 (5th Cir. 2009) (citing *United States v. Doublin*, 572 F.3d 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009)), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939).  We review the decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Cooley*, 590 F.3d 293, 295 (5th Cir. 2009); *Doublin*, 572 F.3d at 237.

In exercising its discretion under § 3582(c)(2), the district court is instructed to consider (1) the § 3553(a) factors, (2) "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and (3) "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." U.S.S.G. § 1B1.10, comment. (n.1(B)(ii)-(iii)).  In denying the motion, the district court expressly considered these factors, emphasizing Whitley's criminal history and that he had been sanctioned numerous times for prison disciplinary infractions.  The district court did not abuse its discretion in declining to reduce Whitley's sentence. *See United States v. Smith,* 595 F.3d 1322, 1322 (5th Cir. 2010).

AFFIRMED.