# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 28, 2010

Lyle W. Cayce
Clerk

No. 08-10818
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TREMON TRAVELL BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-94-18

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Tremon Travell Brown, federal prisoner # 28757-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence following the recent amendments to the Sentencing Guidelines for crack cocaine offenses.  Brown argues that the district court erred in considering the sentencing factors of 18 U.S.C. § 3553(a) and his post-sentencing disciplinary convictions to deny his motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-10818

Section 3582 directs the court to consider the § 3553(a) factors. *See* § 3582(c); *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). If the record shows that the district court gave due consideration to the motion as a whole and at least implicitly considered the § 3553(a) factors, then there is no abuse of discretion. *See United States v. Cooley*, 590 F.3d 293, 296 (5th Cir. 2009); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

The district court had the benefit of Brown's § 3582(c)(2) motion, his attachment to that motion, and the government's response. In issuing its ruling, the district court specifically referred to several of the factors listed under § 3553(a). Thus, the record reflects that the district court considered Brown's motion and the § 3553(a) factors. *See Evans*, 587 F.3d at 673; *Whitebird*, 55 F.3d at 1010. To the extent Brown is arguing that the district court erred by basing the denial of his motion on his prison disciplinary record, the 2008 amendments to the Sentencing Guidelines allow a court to consider a defendant's post-sentencing conduct. U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)). In addition, we have "decline[d] to hold that a district court cannot consider post-conviction conduct in determining whether to grant a sentencing reduction under § 3582(c)(2)." *United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir.), *cert. denied*, 130 S. Ct. 3374 (2010).

Brown argues that the district court erred in denying his request for the appointment of counsel in the district court. He also argues that he should be appointed counsel to represent him on appeal. We have not recognized the right to counsel in a § 3582(c)(2) proceeding. *United States v. Hereford*, No. 08-10452, 2010 WL 2782780 at *1-*2 (5th Cir. July 12, 2010) (unpub'd). Moreover, Brown has not shown that the interests of justice required the appointment of counsel in the district court or that such an appointment is required in this court. *Cf. United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008) (finding that the

2

interests of justice required the appointment of counsel where appeal raised issues not previously resolved by this court's precedent).

The judgment of the district court is AFFIRMED. Brown's motion for the appointment of counsel on appeal is DENIED.