# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2010

No. 08-60676
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL DWAYNE MCGEE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:96-CR-48-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael Dwayne McGee, federal prisoner # 05508-112, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based upon amendments to the crack cocaine Guidelines. He contends that the district court improperly considered his post-sentencing prison disciplinary infractions in denying his motion. He requests this court to vacate the district court's decision and order the court to resentence him in accordance with *United States v. Booker*, 543 U.S. 220 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-60676

Although § 3582(c)(2) directs the court to consider the sentencing factors of 18 U.S.C. § 3553(a), the reasonableness standard derived from *Booker* does not apply under § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 671-72 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). We review the decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Cooley*, 590 F.3d 293, 295 (5th Cir. 2009); *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

In exercising its discretion under § 3582(c)(2), the district court is instructed to consider (1) the § 3553(a) factors, (2) "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and (3) "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." U.S.S.G. § 1B1.10, comment. (n.1(B)(ii)-(iii)). In denying the motion, the district court expressly considered these factors, emphasizing McGee's criminal history and that he had been sanctioned numerous times for prison disciplinary infractions. The district court did not abuse its discretion in declining to reduce McGee's sentence. *See United States v. Smith,* 595 F.3d 1322, 1323 (5th Cir.)*, cert. denied,* 130 S. Ct. 3374 (2010). Accordingly, the judgment of the district court is AFFIRMED. McGee's motion to expedite the appeal is DENIED.