# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2012

No. 11-51172
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REGINALD GENE ADAMS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-201-1

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Reginald Gene Adams, federal prisoner # 35858-180, has moved for leave to proceed in forma pauperis (IFP) in this appeal of the denial of his motion for a sentencing reduction under 18 U.S.C. § 3582(c)(2). The district court denied Adams leave to appeal IFP and certified that his appeal was not taken in good faith. *See* FED. R. APP. P. 24(a).

Adams argues that his appeal is not frivolous because the district court abused its discretion by relying on sentencing factors that were not considered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

at his original sentencing, by failing to consider his conduct while incarcerated, and by not considering the unjustifiable 100-to-1 sentencing ratio for crack cocaine. Adams has shown no error with respect to the court's consideration of his history and characteristics, the nature of the offense, and the need to protect the public from future crimes, as these are factors that the court was required to consider in determining whether to grant his motion. *See* § 3582(c)(2).

Adams did not specifically raise the issue of his postconviction conduct before the district court, but the district court stated that it had considered the factors in U.S.S.G. § 1B1.10 in denying the motion. Thus, its consideration of this factor was implicit. *See United States v. Evans*, 587 F.3d 667, 672-73 (5th Cir. 2009).

Finally, the district court's consideration of the sentencing disparity for crack cocaine is implicit in the court's consideration of his motion for a reduction of sentence since this disparity is the basis for the Fair Sentencing Act of 2010, which resulted in Guidelines Amendment 750, and is the basis for Adams's motion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). Adams's argument essentially seeks to make a sentence reduction requested pursuant to the crack cocaine amendments mandatory, a suggestion that we have previously rejected. *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010).

Adams has not shown that the denial of his § 3582(c)(2) motion presents a nonfrivolous issue for appeal. Accordingly, his motion for leave to proceed IFP is denied, and his appeal is dismissed. *See* 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED.