# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 21, 2013

No. 12-10959
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TREMON TRAVELL BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-94-18

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tremon Travell Brown, federal prisoner # 28757-177, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. Brown pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, and he was sentenced to 293 months of imprisonment and five years of supervised release. He contends that he is eligible for a sentence reduction under Amendment 750, which implemented the Fair Sentencing Act of 2010 (FSA) and revised the Sentencing Guidelines applicable to offenses

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

involving cocaine base.  Brown has filed a motion for leave to file an out-of-time reply brief, and that motion is granted.

We review the district court's resolution of a § 3582(c)(2) motion for an abuse of discretion.  *United States v. Cooley*, 590 F.3d 293, 295-96 (5th Cir. 2009).  Brown argues that, when considering whether to afford him relief, the district court erred in considering his three post-conviction disciplinary infractions because it had considered those infractions when it denied an earlier filed motion for relief under § 3582(c)(2).  The court was allowed to consider those infractions.  *See* U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)); *United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010).

Brown's contention that he is entitled to a reduction in light of the FSA, which took effect after he was sentenced, is without merit.  *See Dorsey v. United States*, 132 S. Ct. 2321, 2335-36 (2012); *United States v. Doggins,* 633 F.3d 379, 384 (5th Cir. 2011).

The record shows that the district court gave due consideration to Brown's motion as a whole and that it considered the 18 U.S.C. § 3553(a) factors.  Accordingly, the denial of Brown's § 3582(c)(2) motion was not an abuse of discretion.  *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.