# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2015

Lyle W. Cayce
Clerk

No. 15-30247
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT D. HARRELL,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-190-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert D. Harrell, federal prisoner # 29484-034, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence for conspiracy to distribute a controlled substance. Harrell contends that he was eligible for a reduction pursuant to Amendment 782 to the Sentencing Guidelines and that all of the relevant 18 U.S.C. § 3553(a) sentencing factors clearly weighed in favor of a sentence reduction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30247

The district court had before it Harrell's arguments supporting a sentence reduction; the original and reduced guidelines range; Harrell's inmate discipline record and education record; and the presentence report from Harrell's original sentencing.  Harrell's original within-guidelines sentence of 168 months of imprisonment was above the amended guidelines range of 120 to 135 months of imprisonment.  The district court denied the motion after considering the § 3553(a) sentencing factors, the threat Harrell would pose to the community if granted a reduction, and his post-conviction conduct.  While the district court did not discuss the § 3553(a) factors, the arguments were presented to the district court, and "we can assume that it considered them." *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009) (internal quotation marks and citation omitted).

Harrell argues that the district court's decision was based on a clearly erroneous assessment of the evidence because the relevant sentencing factors weigh in favor of a reduction.  However, the court's findings are supported by the record. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (per curiam).  Moreover, the district court was under no obligation to reduce Harrell's sentence. *Evans*, 587 F.3d at 673.  Harrell has failed to demonstrate that the district court abused its discretion by denying the motion. *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.