# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30246
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY THOMAS, also known as Demon Thomas,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-338-6

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM:[*]

Anthony Thomas, federal prisoner # 28677-034, appeals the district court's denial of his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Thomas is currently serving a 175-month sentence of imprisonment, which was imposed following his guilty plea conviction of conspiracy to possess with intent to distribute cocaine base and cocaine hydrochloride.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30246

Thomas asserts that he is eligible for a sentence reduction under Amendment 782 to the Sentencing Guidelines. He notes that his 175-month sentence, although within the guidelines range when imposed, is above the top of the amended guidelines range. He argues that the district court's refusal to reduce the sentence is based on a clearly erroneous assessment of the evidence in that the district court attributes too much weight to the several prison disciplinary infractions he committed before receiving mental health treatment. He also argues that the nature and circumstances of his underlying offense weigh in favor of a sentence reduction given that the offense did not involve violence or firearms and he did not play a leadership or supervisory role in the offense. The Government contends that Thomas has not shown an abuse of discretion and that this court should affirm the district court's denial of relief.

Section 3582(c)(2) provides that a defendant's sentence may be modified if he was sentenced to a term of imprisonment based on a sentencing range that subsequently was lowered by the Sentencing Commission. Section 3582(c)(2) applies only to retroactive guidelines amendments as set forth in U.S.S.G. § 1B1.10(a). *See Dillon v. United States*, 560 U.S. 817, 826 (2010). Amendment 782, which applies retroactively, *see* § 1B1.10(d), amended the drug quantity table set forth at U.S.S.G. § 2D1.1(c), effectively lowering most drug-related base offense levels by two levels, see U.S.S.G. App. C., Amend. 782.

Here, the district court was aware of the original and reduced guidelines ranges and had before it the parties' arguments concerning a sentence reduction. The district court was aware of the details of Thomas's prison record and specifically knew that Thomas had been convicted of several disciplinary infractions but had not been cited for an infraction since September 2009. The

district court was also aware of the information from Thomas's original conviction and sentencing.

The district court, after implicitly finding that Thomas was eligible for a reduction, denied Thomas's motion as a matter of discretion, specifically indicating that it had considered the § 3553(a) sentencing factors. While the district court did not discuss the § 3553(a) factors further, Thomas's arguments concerning the § 3553(a) factors were presented to the district court, and "although it did not discuss them, we can assume that it considered them." *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009) (internal quotation marks and citation omitted). The district court was not required to give a detailed explanation of its decision to deny Thomas's motion, and Thomas was not entitled to a sentence reduction merely because he was eligible for one. *See id.* at 673-74. The district court appropriately considered Thomas's post-sentencing conduct, *see* § 1B1.10 comment. (n.1(B)(iii)), and given Thomas's criminal history, his prison disciplinary record, his parole revocation, and his commission of the federal drug conspiracy offense within two years of his release from state custody, Thomas has not shown that the district court abused its discretion by denying the § 3582(c)(2) motion. *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.