# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 15-40831
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICENTE FLORES SALDIVAR, also known as Jesus Vicente Flores Saldivar,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-633-2

———————

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Vicente Flores Saldivar (Flores) federal prisoner # 03659-025, filed a motion under 18 U.S.C. § 3582(c)(2), based on Amendment 782 of the Sentencing Guidelines, seeking a reduction of the sentence of 17 years (204 months) of imprisonment imposed for possessing with intent to distribute in excess of five kilograms of cocaine, and aiding and abetting. The district court determined that Flores was eligible for a sentence reduction, but it denied the

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40831

§ 3582(c)(2) motion and also denied Flores's motion for reconsideration.  Flores now seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of these motions.  By seeking leave to proceed IFP, Flores is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3).

Flores first contends that the district court abused its discretion because it incorrectly determined his total offense level and the guidelines range after application of the two-level reduction of Amendment 782.  The district court originally sentenced Flores at a total offense level of 36, which included a one-level downward departure under U.S.S.G. § 5K2.0.  The district court determined that the new total offense level for purposes of the § 3582(c)(2) motion was 35, with a guidelines range of 168 to 210 months.  Flores argues that his new total offense level should be 34, with a guidelines range of 151 to 188 months of imprisonment.

The commentary to U.S.S.G. § 1B1.10 instructs that a defendant is eligible for a sentence reduction only if the amendment "lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category . . . before consideration of any departure provision . . . or variance)."  § 1B1.10, comment. (n.1(A)).  "The Guidelines commentary is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."  *United States v. Moore*, 733 F.3d 161, 162-63 (5th Cir. 2013) (internal quotation marks and citations omitted).  In view of the plain language of the relevant commentary, in determining Flores's eligibility for a sentence reduction the district court properly calculated the new guidelines range

without considering the one-level departure it had applied at the original sentencing. *See* § 1B1.10, comment. (n.1(A)).

Flores also contends that the district court abused its discretion by considering only the negative aspects of his post-sentencing conduct, specifically, his three behavioral sanctions, and ignoring his rehabilitative efforts. Here, however, in denying Flores's motion, the district court had before it Flores's arguments in favor of a sentence reduction; the original and reduced guidelines ranges; a synopsis of Flores's post-sentencing conduct, both good and bad; and information concerning Flores's original sentencing. The district court determined that Flores was eligible for a sentence reduction, but denied the requested relief as a matter of discretion, citing § 3553(a) and specifically referring to Flores's disciplinary sanctions. Although the district court did not specifically mention Flores's rehabilitative efforts, a motion referring to such efforts, along with relevant documentation, was presented to the district court, and "although it did not discuss them, we can assume that it considered them." *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009) (internal quotation marks and citation omitted). The district court was not required to give a detailed explanation of its decision to deny Flores's motion, nor was it obligated to grant a sentence reduction simply because Flores was eligible. *See Evans*, 587 F.3d at 673-74. In view of the foregoing, Flores cannot show that the district court abused its discretion by denying § 3582(c)(2) relief. *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010) (affirming denial of § 3582(c)(2) motion based upon prison disciplinary record).

Flores's appeal does not present any nonfrivolous issues, and he has not shown that it is taken in good faith. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his request for leave to proceed IFP is DENIED,

No. 15-40831

and the appeal is DISMISSED AS FRIVOLOUS.  *See Baugh*, 117 F.3d at 202 & n.245; 5TH CIR. R. 42.2.