# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50547
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ANTONIO SALAZAR,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-89-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Juan Antonio Salazar, federal prisoner # 71158-280, appeals the denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The district court found that, while the requested reduction was authorized under U.S.S.G. § 1B1.10 and Amendment 782, a sentence reduction was not warranted upon consideration of the 18 U.S.C. § 3553(a) factors. We generally review the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's denial of the motion for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Salazar argues that the district court relied upon an improper factor in denying his § 3582(c)(2) motion, i.e., the state charges that were pending at the time of his original sentencing. He asserts that arrests alone are not reliable information for sentencing purposes and that the record contained no specific information about the facts or circumstances underlying the pending charges. We note that although Salazar filed a motion for reconsideration in the district court, he did not raise the contention he raises now: that the district court relied upon "bare" arrest records in making its determination. We need not decide whether that failure alters the standard of review to plain error, because we find his challenge fails even under abuse of discretion review.

We also need not decide whether the bar against considering "bare" arrest records applies in a § 3582(c)(2) proceeding, *see United States v. Johnson*, 648 F.3d 273, 276-278 (5th Cir. 2011), or whether the unadjudicated charges listed in the PSR from the original sentencing hearing as "pending charges" were, in fact, "bare" arrest records, *see United States v. Harris*, 702 F.3d 226, 229-31 (5th Cir. 2012). Considered in context, the record reflects that the pending charges did not form the basis of the district court's decision to deny the § 3582(c)(2) motion. The district court instead relied on permissible factors, including the nature and circumstances of the offense, the seriousness of the offense, public safety concerns, Salazar's history and characteristics, and the need for deterrence. The district court also considered appropriate aspects of Salazar's criminal history (e.g., his prior convictions and his commission of the instant offense while on probation) and found that a reduction would not serve the goals of deterrence and punishment or protect the public. The district court did not discuss in detail Salazar's pending charges and instead simply

noted that there were charges against him at the time of his sentencing for this offense. There is no indication that the mention of the pending charges had any bearing on the district court's decision to deny relief.

Salazar further contends that the district court gave excessive weight to his criminal history and failed to consider that denying his motion created unwarranted sentencing disparities. The district court gave due consideration to the arguments Salazar presented in favor of his motion and concluded that a reduction was not warranted in light of the § 3553 factors and the particular circumstances of the case. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). Salazar's request that we weigh the factors anew is unavailing. His unwarranted-disparity argument is without merit because it amounts to a request that the court make a sentencing reduction mandatory when requested under amendments to the Sentencing Guidelines. *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010).

Therefore, the district court did not abuse its discretion in denying relief. *See Evans*, 587 F.3d at 672; *Whitebird*, 55 F.3d at 1010. Thus, the judgment of the district court is AFFIRMED.