# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30482
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENDALL WILLIAMS,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-51-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Kendall Williams, federal prisoner # 30070-034, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. In 2007, Williams pleaded guilty to possessing crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841; possessing a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). With a total

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense level of 23 and a criminal history score of III, he was sentenced to 71 months for the § 841 and § 924(c) charges, with a mandatory-consecutive 60-month term on the § 924(c) charge.  In August 2014, Williams filed the instant pro se § 3582(c)(2) motion, seeking a two-level reduction to his offense level based on retroactive Amendment 782 and his post-sentencing rehabilitative efforts.

The district court's decision to deny the motion despite Williams's eligibility for a sentence reduction is reviewed for an abuse of discretion.  *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  If the record shows that the district court gave due consideration to the motion as a whole and considered the 18 U.S.C. § 3553(a) factors, even implicitly, then there is no abuse of discretion.  *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995); *see also United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).

Williams argues that the district court abused its discretion in denying his motion, urging that the denial was based on a clearly erroneous assessment of the evidence and an incomplete consideration of the § 3553(a) factors.  He asserts that a proper assessment of the evidence and factors, including the non-serious nature of his underlying offense, as well as his personal history and characteristics, including his pursuit of educational, vocational, and drug-treatment opportunities while in prison, weighed in favor of awarding a sentencing reduction.

The district court had before it Williams's arguments in favor of a sentence reduction; the original and reduced guidelines ranges; Williams's criminal history, including three prior drug offenses; a synopsis of his post-sentencing conduct, including approximately seventeen disciplinary violations, which infractions included threats of bodily harm; and the Government's opposition to the requested sentencing reduction, urging that

No. 15-30482

Williams's early release would pose a threat to public safety.  The record thus reflects that the district court appropriately considered Williams's § 3582(c)(2) motion as a whole, implicitly considered the § 3553(a) factors, and took into account the danger to the community that might result from a reduction in his term of imprisonment.  *See Evans*, 587 F.3d at 673; *see also United States v. Smith,* 595 F.3d 1322, 1323 (5th Cir. 2010).  Accordingly, Williams has not demonstrated any abuse of discretion on the district court's part.  *See Whitebird*, 55 F.3d at 1010.

AFFIRMED.