# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50566
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARNOLD REYNA ALANIZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:90-CR-31-2

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Arnold Reyna Alaniz, federal prisoner # 53351-080, appeals the denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The district court found that a sentence reduction was not warranted. We review the district court's denial of the motion for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

Reyna Alaniz contends that the district court gave excessive weight to his state conviction for attempted murder of a police officer and the purity of the heroin involved in his federal offense, and gave insufficient weight to policy statements regarding recidivism and the need to avoid unwarranted sentence disparities. The record shows that the district court gave due consideration to the arguments Reyna Alaniz presented in favor of his motion and concluded that a reduction was not warranted in light of the 18 U.S.C. § 3553 factors and the particular circumstances of the case. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). Specifically, the district court focused on the seriousness of Reyna Alaniz's federal drug convictions and his criminal history, which were relevant to the § 3553(a) factors of public safety concerns, the lack of respect for the law, and the seriousness of the offense. *See* § 3553(a)(2)(A), (C). The district court also discussed positive factors which weighed in favor of the reduction, such as the relevant policy statements regarding recidivism and unwarranted sentencing disparities, as well as Reyna Alaniz's postconviction conduct. The district court ultimately concluded that Reyna Alaniz's criminal history and the danger that a reduced sentence posed to the public outweighed these positive factors. Reyna Alaniz's request that we weigh the factors anew is unavailing. Finally, Reyna Alaniz's unwarranted-disparity argument is without merit because it amounts to a request that the court make a sentencing reduction mandatory when requested under amendments to the Sentencing Guidelines. *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010).

No. 15-50566

The district court did not abuse its discretion in denying relief. *See Henderson*, 636 F.3d at 717; *Whitebird*, 55 F.3d at 1010. Thus, the judgment of the district court is AFFIRMED.