# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

––––––––––

No. 15-50414
Summary Calendar

––––––––––

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JESUS AGUILAR-SANCHEZ, Also Known as Jesus Aguilar Sanchez,

Defendant–Appellant.

––––––––––––––––––––

Appeal from the United States District Court
for the Western District of Texas
No. 2:11-CR-147-1

––––––––––––––––––––

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jesus Aguilar-Sanchez, federal prisoner # 70345-280, appeals the denial

––––––––––––––––––––

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50414

of a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court originally sentenced him to 90 months—within the guideline range of 87 to 108 months—for possessing with intent to distribute cocaine. The court went below the 10-year statutory minimum in 21 U.S.C. § 841(b)(1)(A)—even though the offense involved more than five kilograms of cocaine—because Aguilar-Sanchez met the conditions for the safety valve in 18 U.S.C. § 3553(f). Later, the Sentencing Commission retroactively lowered the guideline range to 70 to 87 months, *see* U.S.S.G. App. C, Amend. 782, and the parties moved the court to reduce the sentence to 72 months under § 3582(c)(2).

The district court acknowledged Aguilar-Sanchez's eligibility for a reduction but denied it. We review that decision for abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Aguilar-Sanchez claims that the court gave improper weight to the unusually high purity of the cocaine, which the court noted can be a basis for an upward departure. *See* U.S.S.G. § 2D1.1, comment. (n.27(C)). The court was not upwardly departing here but, instead, was only considering the relevant factors. *See* § 3553(a)(1), (2)(A), (5)(A); U.S.S.G. § 1B1.10, comment. (n.1(B)), p.s.; *see also* U.S.S.G. § 1B1.7. Aguilar-Sanchez also urges that the court should not have treated the prior safety-valve reduction under U.S.S.G. §§ 2D1.1(b)(16) and 5C1.2 and § 3553(f) as weighing against a reduction in the sentence, but the court properly took into account the context of the original sentence when it decided against a reduction. *See, e.g., United States v. Evans*, 587 F.3d 667, 673 & n.11 (5th Cir. 2009); *see also* § 3553(a)(2)(A). Aguilar-Sanchez's contention that the court failed to accord adequate weight to the need to avoid unwarranted sentencing disparities, *see* § 3553(a)(6), is also unavailing. *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010).

AFFIRMED.

2