# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10992
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER MARLIN,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:06-CR-30

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Christopher Marlin, federal prisoner # 35544-177, appeals the denial of his 18 U.S.C. § 3582(c)(2) sentence-reduction motion based on Amendment 782 to the Sentencing Guidelines (lowering § 2D1.1(c) drug-quantity table's base offense levels). Liberally construing his *pro se* brief, *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993), he contends the court erred by failing to: adequately explain its decision; allow him to respond to new information provided to the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-10992

court before his sentencing hearing (an Amendment 782 worksheet prepared by the probation officer and provided, *inter alia*, to Marlin); consider his post-sentencing conduct; and avoid unwarranted sentencing disparities, thereby fulfilling the goals of Amendment 782.

Section 3582(c)(2) grants a court the discretion to modify a defendant's sentence if he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission". Once a reduction is authorized, the court determines whether it is warranted based on consideration of the § 3553(a) factors and "the danger to any person or the community that may be posed by a reduction". U.S.S.G. § 1B1.10, cmt. n.1(B)(i)–(ii). It also "may consider" the defendant's post-sentencing conduct. § 1B1.10, cmt. n.1(B)(iii). Therefore, the court's decision is reviewed for abuse of discretion; its interpretation of the guidelines, *de novo*; and its findings of fact, for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Marlin's assertions are refuted by the record and foreclosed by precedent. A district court is not required to explain its § 3582-motion denial. *See id.* at 672–73. Nonetheless, the record shows the court expressly considered Marlin's motion as a whole, the § 3553(a) factors, and his post-sentencing conduct. Additionally, the record demonstrates Marlin had the opportunity to respond to the Amendment 782 worksheet before sentencing because the court ordered his being able to do so, and he addressed the worksheet in responding to the Government's motion opposing his sentence reduction. Finally, the assertion the denial of the sentence reduction creates unwarranted sentencing disparities is foreclosed. *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010).

AFFIRMED.