# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 15-10736
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 3, 2016

Lyle W. Cayce
Clerk

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH DEWAYNE VESTER,

Defendant-Appellant

————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-22-1

————————

Before HIGGINBOTHAM, SOUTHWICK and GRAVES Circuit Judges.

PER CURIAM:[*]

Kenneth Dewayne Vester, federal prisoner # 35424-177, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based upon retroactive Amendment 782 to U.S.S.G. § 2D1.1.  He contends that the district court abused its discretion in denying his § 3582(c)(2) motion.

Vester argues that the district court failed to adequately consider § 3553(a)(6) and that, by considering his post-conviction conduct as a ground

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10736

for denying his motion, it created an unwarranted sentence disparity.  We have previously rejected the same unwarranted-disparity argument as a contention § 3582(c)(2) essentially mandates reductions.  *United States v. Smith,* 595 F.3d 1322, 1323 (5th Cir. 2010).  A district court may consider post-conviction conduct in determining whether to grant a § 3582(c)(2) motion.  *Id.*; U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)).

Vester also argues that the district court abused its discretion by reconsidering his criminal history as a ground for denying relief.  The district court did not recalculate Vester's criminal history score; it left "[a]ll Guidelines decisions from the original sentencing . . . in place, save the sentencing range that was altered by retroactive amendment."  *Freeman v. United States*, 564 U.S. 522, 531 (2011).  It was required to consider Vester's history and characteristics and the amended sentencing range produced by his criminal history and total offense levels before it exercised discretion to grant or deny his motion.  *See* § 3553(a)(1) & (4); *United States v. Evans*, 587 F.3d at 667, 673 (5th Cir. 2009).

The instant record reflects that the district court gave due consideration to Vester's motion as a whole and to the applicable § 3553(a) factors.  Its denial of Vester's § 3582(c)(2) motion was not an abuse of discretion.  *See United States v. Henderson*, 636 F.3d 713, 719 (5th Cir. 2011).

AFFIRMED.