# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 11, 2016

Lyle W. Cayce
Clerk

No. 15-51060
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARA LEE GREENOUGH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-639-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mara Lee Greenough, federal prisoner # 03659-025, appeals the district court's denial of her 18 U.S.C. § 3582(c)(2) motion for reduction of her sentence for two counts of possession with intent to distribute heroin. Greenough argues that the district court abused its discretion by denying her § 3582(c)(2) motion and maintains that she was eligible for a sentence reduction under Amendment 782 to the Sentencing Guidelines. According to Greenough, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that their opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51060

district court should have granted her a reduction because she has been sober for almost six years, she has taken steps to improve herself while in prison, and she has no serious disciplinary infractions. She asserts that the district court placed excessive weight on her unscored convictions, her lengthy criminal history, and a finding that she supplied heroin that resulted in an individual's death.

The district court had before it Greenough's arguments in favor of a sentence reduction; the original and reduced guidelines ranges; documents related to Greenough's behavior, education, and training while incarcerated; her criminal history; and testimony from the original sentencing hearing that she regularly sold heroin to a high schooler. The district court found that Greenough was eligible for a reduction but denied her motion as a matter of discretion, specifically citing the 18 U.S.C. § 3553(a) sentencing factors of protection of the public and deterrence and explaining that a reduction was not warranted in light of her underrepresented criminal history, her release and subsequent return to prison, and her supplying heroin that resulted in death. Given the foregoing, Greenough has not shown that the district court abused its discretion by denying the motion. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010); *United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010).

**AFFIRMED**.