# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40006
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
August 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO MEZA, also known as Junior,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:98-CR-47-9

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Arturo Meza, federal prisoner # 07092-078, was convicted by a jury of conspiracy and substantive drug offenses involving the distribution of heroin and cocaine. He was sentenced to 360 months of imprisonment on five of the counts and 240 months of imprisonment on two of the counts.

Seeking a reduction of his sentence under 18 U.S.C. § 3582(c), Meza contends that there is an unwarranted disparity between his sentence and that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40006

of his brother and co-defendant, who was convicted in the same case and received a § 3582(c)(2) reduction.  The district court denied Meza's motion on the basis that the guideline amendment did not affect Meza's guideline range because his base offense level was based on the deaths or serious bodily injuries that resulted from his heroin distribution, not the quantity of drugs he distributed.

Meza does not address the district court's determination that he was not eligible for a reduction because his offense level was not affected by the amendment.  Even if he were eligible, the district court did not abuse its discretion in denying a reduction for the reason argued by Meza.  Meza does not allege any facts suggesting that there is an unwarranted sentencing disparity among similarly situated defendants.  He provides no details of any similarities between his and his brother's offense conduct, criminal records, other history, or characteristics.  His conclusory assertion that his brother is similarly situated fails to show that an unwarranted disparity exists.  *See United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010).  The fact that a co-defendant received a sentence reduction does not alone show that the denial of Meza's § 3582(c)(2) motion created an unwarranted sentencing disparity.  *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010).  The district court did not abuse its discretion in denying Meza's § 3582(c)(2) motion.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

AFFIRMED.

2