# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2025

Lyle W. Cayce
Clerk

No. 24-60617
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Jeremy Devon King,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CR-69-1

_____

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Jeremy King, federal prisoner #20370-043, appeals the order denying him, per 18 U.S.C. § 3582(c)(2), a reduction in his 177-month sentence for possession with intent to distribute methamphetamine and the order denying reconsideration. King avers that the orders should be reversed to protect the important goal of consistency in the sentencing process and to ensure that his sentence will be consistent with those imposed for similarly situated defen-

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60617

dants who are sentenced after the effective date of Part A of Amendment 821 to the Sentencing Guidelines.

We review for abuse of discretion the denial of a sentence reduction and denial of reconsideration. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); *United States v. Rabhan*, 540 F.3d 344, 346–47 (5th Cir. 2008). King's reasoning is not supported by a showing that similarly situated defendants who committed similar offenses have received lesser sentences. *See* 18 U.S.C. § 3553(a)(6). His theory that similarly situated defendants who are sentenced after November 1, 2023, and who receive the benefit of Amendment 821 will receive a lesser sentence is pure conjecture. *Cf. United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010) (rejecting the suggestion that a district court must grant a § 3582(c)(2) motion based on an amendment to the Guidelines because failing to do so creates unwarranted sentencing disparities).

King has failed to demonstrate that the district court abused its discretion in denying his motion for a sentence reduction and motion for reconsideration. *See Calton*, 900 F.3d at 710; *Rabhan*, 540 F.3d at 346–47. The orders are AFFIRMED.

2