# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-60389
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Albert Deonta Craft, III,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:22-CR-138-1

_____

Before Dennis, Ho, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Albert Deonta Craft, III, federal prisoner # 23763-510, appeals the denial of his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), as well as the denial of his motion for reconsideration. We review the district court's denials of these motions for abuse of discretion.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60389

*See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); *United States v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008).

On appeal, Craft argues that he was eligible for a sentence reduction under Part A of Amendment 821 to the Sentencing Guidelines, which would have lowered his criminal history category to II and his guidelines range to 33 to 41 months of imprisonment. He argues further that the district court's order should be reversed to protect the important goal of consistency in the sentencing process and to ensure that his sentence will be consistent with sentences ordered for similarly situated defendants who are sentenced after the effective date of Amendment 821.

In denying Craft's § 3582(c)(2) motion, the district court cited its previous determination at sentencing that, regardless of its guidelines calculations, it would have imposed the same 46-month sentence based on its evaluation of the 18 U.S.C. § 3553(a) factors. Further, the district court considered the § 3553(a) factors, including Craft's history and characteristics, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C). Craft's argument regarding the need to avoid unwarranted sentence disparities constitutes a mere disagreement with the district court's analysis of the § 3553(a) factors, which is insufficient to show an abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672-73 (5th Cir. 2009). Moreover, his argument that similarly situated defendants who are sentenced after November 1, 2023, and who receive the benefit of Amendment 821, will receive a lesser sentence is pure conjecture. *Cf. United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010) (rejecting the suggestion that a district court must grant a § 3582(c)(2) motion based on an amendment to the Guidelines because failing to do so creates unwarranted sentencing disparities).

2

No. 24-60389

On this record, there is no basis for a determination that the district court abused its discretion in denying Craft's § 3582(c)(2) motion or his motion to reconsider. *See Calton*, 900 F.3d at 71; *Rabhan*, 540 F.3d at 346.

AFFIRMED.