# United States Court of Appeals for the Fifth Circuit

————————

No. 25-60022
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 3, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HARLEY BROOKE GRAHAM,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:21-CR-50-2

————————————————————

Before WIENER, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Harley Brooke Graham, federal prisoner # 48951-509, appeals the denial of her motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), as well as the denial of her motion for reconsideration. We review the district court's denials of these motions for abuse of discretion.

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60022

*See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); *United States v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008).

On appeal, Graham argues that she was eligible for a sentence reduction under Part A of Amendment 821 to the Sentencing Guidelines. She argues further that a reduction was warranted to protect the important goal of consistency in the sentencing process and to ensure that her sentence will be consistent with sentences ordered for similarly situated defendants who are sentenced after the effective date of Amendment 821. Graham also cites her post-sentence rehabilitation in support of a reduction.

In denying Graham's § 3582(c)(2) motion and motion to reconsider, the district court stated that it had considered the 18 U.S.C. § 3553(a) factors, including her history and characteristics and the need for the sentence imposed to reflect the seriousness of the offense and to protect the public. *See* 18 U.S.C. § 3553(a)(1), (2)(A), (C). Graham's arguments regarding unwarranted sentencing disparities and her post-sentence rehabilitation constitute a mere disagreement with the district court's analysis of the § 3553(a) factors, which is insufficient to show an abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672-73 (5th Cir. 2009). Moreover, her argument that similarly situated defendants who are sentenced after November 1, 2023, and who receive the benefit of Amendment 821, will receive a lesser sentence is pure conjecture. *Cf. United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010) (rejecting the suggestion that a district court must grant a § 3582(c)(2) motion based on an amendment to the Guidelines because failing to do so creates unwarranted sentencing disparities).

On this record, there is no basis for a determination that the district court abused its discretion in denying Graham's § 3582(c)(2) motion or her motion to reconsider. *See Calton*, 900 F.3d at 71; *Rabhan*, 540 F.3d at 346.

AFFIRMED.