# United States Court of Appeals for the Fifth Circuit

---

No. 25-60420
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

ENOCH BUCKLEY, III,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:20-CR-44-1

---

Before WIENER, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Enoch Buckley, III, federal prisoner # 10318-509, appeals the district court's sua sponte decision denying a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and the denial of his motion to reconsider. He argues that a lower guidelines range would apply if he were sentenced today under U.S.S.G. § 4A1.1, as amended under Part A of Amendment 821 to the

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60420

Sentencing Guidelines, and that the district court's decision should be reversed to protect the goal of consistency of sentences among similarly situated defendants sentenced after the amendment's effective date.

The district court's rulings indicate that it considered the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense, Buckley's history and characteristics, and the need to deter future criminal conduct. *See* 18 U.S.C. § 3553(a)(1), (2)(B). Buckley's arguments regarding unwarranted sentencing disparities constitute a mere disagreement with the district court's analysis of the § 3553(a) factors, which is insufficient to show an abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672–73 (5th Cir. 2009). Moreover, his argument that similarly situated defendants who are sentenced after November 1, 2023, and who receive the benefit of Amendment 821 will receive a lesser sentence is pure conjecture. *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010).

In light of the foregoing, Buckley has not demonstrated that the district court abused its discretion in denying his § 3582(c)(2) motion or his motion to reconsider. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); *United States v. Rabhan*, 540 F.3d 344, 346–47 (5th Cir. 2008).

AFFIRMED.