# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40010
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME ARMANDO RODRIGUEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:93-CR-156-3

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Jaime Armando Rodriguez, federal prisoner # 64773-079, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based upon retroactive Amendment 782 to U.S.S.G. § 2D1.1. He contends that the district court abused its discretion in denying his § 3582(c)(2) motion and that it should have granted the motion because he is a nonviolent first-time offender, he does not have a propensity for future criminal conduct, he has an excellent prison

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40010

record, and he has worked and studied in the prison system.  He maintains that the district court erred in not considering the Sentencing Commission's policy statement and the need to avoid unwarranted sentencing disparities.  In addition, Rodriguez asserts that his sentence is procedurally erroneous and substantively unreasonable.

The district court considered Rodriguez's arguments in his § 3582(c)(2) motion, the 18 U.S.C. § 3553(a) factors and U.S.S.G. § 1B1.10, and the probation officer's addendum addressing the motion.  Although the district court implicitly determined that Rodriguez was eligible for a sentence reduction, the court concluded that the relevant sentencing factors and the circumstances of the case weighed against exercising its authority to grant a sentence reduction.  *See Dillon v. United States*, 560 U.S. 817, 827 (2010).  The district court was under no obligation to grant Rodriguez a sentence reduction despite his eligibility for one.  *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).  Rodriguez's argument that the district court did not properly consider and balance the sentencing factors and that the court should reassess them is insufficient to show an abuse of discretion.  *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).  We have rejected the suggestion that a district court must grant a § 3582(c)(2) motion based on amendments to the Guidelines because failing to do so creates unwarranted sentencing disparities and fails to take into account the reasons for the amendments.  *United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010).  Because the district court's decision was not based upon an error of law or a clearly erroneous assessment of the evidence, the district court did not abuse its discretion in denying the motion.  *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

AFFIRMED.